UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================

ANDREW HERMAN individually and
on behalf of all others similarly situated

Case No. 1:16-cv-05342-ERK-RER

Plaintiff,

-against-

ALLIED INTERSTATE LLC AND LVNV FUNDING, LLC

Defendants.

===================================

## AMENDED CLASS ACTION COMPLAINT

### *Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Amended Complaint alleges as follows:

1. Plaintiff Andrew Herman brings this action to secure redress from unlawful collection practices engaged in by Defendants Allied Interstate LLC and LVNV Funding, LLC. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

*Parties*

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

5. Upon information and belief, Defendant Allied Interstate LLC's principal place of business is located in New Albany, Ohio.

6. Upon information and belief, Defendant LVNV Funding LLC's principal place of business is located in Albany, New York.

7. Defendant LVNV Funding is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

8. Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

9. Defendant LVNV then attempts to collect the purchased debts by filing suits on them.

10. Defendant LVNV has been the Plaintiff in more than 3,000 collection lawsuits that have been pending in New York state during the year prior to the filing of this action.

11. Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

12. As of the date of the collection letter, sent to the Plaintiff on April 12, 2016, LVNV Funding, LLC was the "Current Creditor" of the alleged debt.

13. Defendants Allied Interstate LLC and LVNV Funding, LLC are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. Defendants Allied Interstate LLC and LVNV Funding, LLC are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

15. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations*

17. LVNV Funding, LLC hired Defendant Allied Interstate LLC to collect the debt on its behalf.

18. LVNV Funding, LLC uses the instrumentality of interstate commerce as well as the mails in its business which the principal purpose of which is the collection of debts.

19. LVNV Funding, LLC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. The principal purpose of LVNV Funding, LLC's business is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

21. LVNV Funding, LLC purchased the Plaintiff's defaulted debt from Credit One Bank, placed it with Allied Interstate, and sought to collect on it.

22. LVNV Funding, LLC uses the mail in purchasing defaulted consumer debts, usually at a significant discount to their face value, and then seeks to collect on such debts.

23. LVNV Funding, LLC directed, controlled and instructed Allied Interstate to use these specific letters and phone messages when communicating with the Plaintiff.[1]

24. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

25. On or about April 12, 2016, Allied Interstate LLC and LVNV Funding, LLC sent a collection letter to the Plaintiff Andrew Herman. (see attached exhibit)

26. The said letter was an effort to collect on a consumer debt.

27. Defendants' letter was deceptive and misleading as it simply identified the "Amount Owed," but did not indicate that the balance may increase due to interest and fees.

28. The Plaintiff was left unsure whether the "Amount Owed" was accruing interest as there was no disclosure that indicated otherwise.

29. A reasonable consumer could read the notice and be misled into believing that he could pay his debt in full by paying the amount listed on the notice.

30. In fact, however, since the notice shows that interest accrued post charge off, a consumer who pays the "Amount Owed" stated on the notice will not know

---

[1] *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *19 (7th Cir. Apr. 7, 2016) ("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself. Like the Third Circuit, we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.")

whether the debt has been paid in full.

31.   The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

32.   The statement of an "Amount Owed", without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

33.   The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

34.   Collection notices that state only the "Amount Owed," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

35.   The Plaintiff and an unsophisticated consumer would be led to believe that the "Amount Owed" would remain as is and that paying the amount due would satisfy the debt irrespective of when payment was remitted. Yet in reality, interest accrued since charge off.

36.   A consumer who pays the "Amount Owed" stated on the collection letter will be left unsure whether the debt has been paid in full, as the Defendants could still

collect on any interest that accumulated after the letter was sent but before the balance was paid.

37.     The said debt was increasing due to interest accrued post charge off, but the April 12, 2016 letter specifically, failed to disclose that the balance would continue to increase due to interest, or in the alternative, the April 12, 2016 letter failed to disclose that the balance was actually not increasing since the interest post charge off was being waived.

38.     In any event, Defendant's said April 12, 2016 letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

39.     Absent a disclosure by the holder of the debt that the interest accruing is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer. Avila, at *10-11.

40.     Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

41.     At the bare minimum, a debt collector must make clear, even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

42.     A debt collector must disclose, that the balance due may change since interest is accruing, or in the alternative, it must disclose any such waiver of interest.

43.     To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

44. Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; nonetheless it did not make any of those disclosures in violation of 1692e.

45. If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

46. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."  *Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72, 76 (2d Cir. 2016)

47. Because the statement of the "Amount Owed" that included original principal, fees, contractual interest and charged off interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

48. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken

belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

49. According to the Second Circuit's finding that the "Amount Owed" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 76 (2d Cir. 2016)

50. The 8th Circuit in *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

51. In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. The notice specifically says that the balance includes interest post charge off. There was definitely no express waiver and disclosure of waiver is mandatory if interest was accruing post charge off. Disclosure of waiver is mandatory if interest was accruing originally accruing per the contract. The consumer could not know what the real balance is.

52. The intent to waive a contractual right must be unmistakably manifested

and may not be inferred from doubtful or equivocal acts. *Navillus Tile, Inc. v. Turner Const. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003). A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

53. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

54. The "Amount Owed" is for an amount that includes original principal, fees, contractual interest and interest post charge off. If interest was waived or stopped accruing the collection notice must disclose "This debt is not accruing interest."

55. If interest was accruing the collection notice must inform the consumer that the amount of the debt stated in the letter will increase over time.

56. Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

57. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may

grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest" *Michalek v. ARS Nat'l Sys.*, No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

58. The Plaintiff alleges and avers that the Defendants violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

59. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

60. 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

61. The said letter is a standardized form letter.

62. On information and belief, the Defendants' collection letters, such as the said April 12, 2016 collection letter, number in the hundreds.

63. The Plaintiff alleges and avers that Defendants' April 12, 2016 letter is in

violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

64.  Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

65.  Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

66.  Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

67.  Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

68.  Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

69.  Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendants' collection efforts.

70.  The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

71. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

72. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *Class Allegations*

73. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

74. The identities of all class members are readily ascertainable from the records of the Defendants and those business and governmental entities on whose behalf it attempts to collect debts.

75. Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

76. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

77. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

78. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

79. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

80.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

81.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

82. Further, Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

83. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *First Cause of Action*

84. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendants' records reflect resided in the State of New York:

　a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

　b) the collection letter was sent to a consumer seeking payment of a personal debt;

　c) the collection letter was not returned by the postal service as undelivered;

　d) the Plaintiff allege and aver that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### *Violations of the Fair Debt Collection Practices Act*

86. The Defendants' actions as set forth above in the within complaint violates the FDCPA.

87. Because the Defendants violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

88. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *Jury Demand*

89. Plaintiff demands a trial by jury.

### *Prayer for Relief*

90. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against the Defendants for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendants to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
   October 6, 2016

      /s/ David Palace_____
      **Law Offices of David Palace** (DP 3855)
      383 Kingston Ave. #113
      Brooklyn, New York 11213
      Telephone: 347-651-1077
      Facsimile: 347-464-0012

# AlliedInterstate, LLC

866-465-3710

April 12, 2016

Andrew Herman
37 Wilson St
Brooklyn NY 11249-6903

      Re:    Original Creditor: Credit One Bank, N.A.  Account No. ************5886
              Amount Owed: $431.32
              Date Of Deliquency: Aug 22, 2012
              Current Creditor: LVNV Funding LLC Account No. *****3868
              Reference No.: [Redacted]5005

Andrew Herman
We are a debt collection company and we have been contracted with on behalf of LVNV Funding LLC to collect the debt noted above. This is an attempt to collect a debt and any information obtained will be used for that purpose.

The amount of the debt due as of charge-off is $364.30.  The total amount of interest accrued since charge-off is $67.02. The total amount fees accrued since charge-off is $0.00.  The total of amount of payments made on the debt since the charge-off is: $0.00.

Our client is interested in resolving this Account and is willing to consider payment for less than the Amount Owed to satisfy your obligation. Although we are not obligated to accept any payment proposal, please telephone us to discuss potential settlement options.

To make a payment, please telephone us at 866-465-3710 or mail your payment using the coupon on the reverse side of this letter. We process checks electronically and your checking account will be debited on the day we receive your payment. Your check will not be returned.

Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment.  If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor. Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

We look forward to receiving your payment.

Sincerely,

*Allied Interstate LLC*

Jeffrey Swedberg

SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION    1 of 6